IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARLENE COOK,**               Plaintiff, | : : : | **CIVIL ACTION** |
| v. | : : | No. 14-cv-4958 |
| **ACME MARKETS, INC.,**              Defendant. | : : | |

**MCHUGH, J.**                                                            **JANUARY 26, 2015**

## **MEMORANDUM**

### I.     Introduction

This is an employment discrimination case brought under both federal and state law.  The question before me is how to calculate the time limits for bringing a claim under the applicable statutes, when an employee has also filed a grievance under a collective bargaining agreement.  Does the pendency of a grievance appeal extend the time limits within which an employee must assert statutory claims, or does time begin to run from the date of termination?   I am persuaded that controlling appellate authority does not allow the leeway Plaintiff seeks, and therefore I am obligated to dismiss the complaint.

### II.     Underlying Facts

Plaintiff Darlene Cook has brought suit against her former employer, ACME Markets, Inc., alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA) and discrimination based on age and national origin under the Pennsylvania Human Relations Act (PHRA).  Plaintiff, forty-nine years old, was employed with Defendant for thirty-two years and was a Full-Time Clerk/Cashier at the time of her termination.  On September 25, 2011, Plaintiff alleges that she attempted to cash a homeowner's insurance check at the store in

which she worked outside of her normal working hours.  A co-worker cashed the check for Plaintiff, but did not advise Plaintiff that the check being cashed was for an amount greater than the store's check-cashing limits.  On October 4, 2011, Defendant placed Plaintiff on suspension without pay for violating check-cashing procedures and policies, and subsequently terminated Plaintiff effective November 4, 2011.

Plaintiff filed a grievance regarding her termination through Defendant's Collective Bargaining Agreement.  An arbitrator issued a final determination upholding Plaintiff's termination on May 17, 2013.  Plaintiff did not file a complaint with the Pennsylvania Human Rights Commission (PHRC) or the Equal Employment Opportunity Commission (EEOC) until July 28, 2013, some twenty months after her termination.  The EEOC issued Plaintiff a Notice of Dismissal and Right to Sue on May 27, 2014, after which Plaintiff filed this suit.

### III.  Discussion

Defendant has moved to dismiss the complaint on the theory that Plaintiff did not exhaust her administrative remedies in a timely manner, and thus the complaint does not state a claim upon which relief may be granted.  It is well-established that a plaintiff must exhaust all administrative remedies before bringing a claim for judicial relief.  Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).  Both the ADEA and the PHRA require a plaintiff to exhaust such administrative remedies before bringing suit.  See Slingland v. Donahoe, 542 Fed. App'x 189, 191 (3d Cir. 2013) ("The ADEA likewise requires a plaintiff to exhaust all available remedies when she elects to proceed administratively."); Jacoby v. Bethlehem Suburban Motor Sales, 820 F. Supp. 2d 609, 615 (E.D. Pa. 2011) ("In order to bring suit under the ADA, ADEA, and PHRA, a plaintiff must first exhaust his administrative remedies.").  Failure to exhaust administrative

remedies is grounds for dismissal on a Rule 12(b)(6) motion such as this one. Slingland, 542 Fed. App'x at 191.

In order to exhaust her administrative remedies under the ADEA, Plaintiff was required to have filed a charge with the EEOC within 300 days of the conduct giving rise to the claims. Ruehl v. Viacom, Inc., 500 F.3d 375, 382-83 (3d Cir. 2007); Money v. Provident Mutual Life Ins. Co., 189 Fed. App'x 114, 117 (3d Cir. 2006). Under the PHRA, Plaintiff was further required to file an administrative complaint with the PHRC within 180 days of the alleged discrimination. 43 Pa. Cons. Stat. Ann. §§ 959(h), 962. Defendant asserts that the charge dually filed by Plaintiff with the EEOC and PHRC on July 28, 2013 was not timely under either statute because it was filed 632 days after Plaintiff's employment was terminated on November 4, 2011. Ms. Cook responds that the charges were timely because they were filed only 72 days after the arbitrator issued a final determination with regard to her grievance. Thus, the question before the Court is whether the statute of limitations began to run on the date of the allegedly unlawful employment action—the date of termination in this case—or on the date at which the arbitrator reached his decision.

With regard to ADEA claims, the timeliness of administrative charges are measured from the date the alleged unlawful practice occurred. Watson v. Eastman Kodak Co., 235 F.3d 851, 855 (3d Cir. 2000); 29 U.S.C. § 626(d)(1)(B). Similarly, because the PHRA is interpreted as identical to federal anti-discrimination laws except where the specific language of the Act requires that it be treated differently, "the timeliness of [a plaintiff's] filing under the PHRA may also be evaluated by reference to the ADEA where time periods run from the occurrence of an 'unlawful practice.'" Strang v. Ridley, No. 03-4625, 2004 WL 2331900, at *4 (E.D. Pa. Oct. 12, 2004); Fogleman v. Mercy Hospital, Inc., 283 F.3d 561, 567 (3d Cir. 2002).

The relevant precedent regarding this issue of law makes clear that the statute of limitations began running on the date that Plaintiff alleges she was initially terminated on the basis of age discrimination. A similar situation presented itself in <u>Sharpe v. Philadelphia Housing Authority</u>, 693 F.2d 24 (3d Cir. 1982), where a housing patrolman employed by the Philadelphia Housing Authority was allegedly terminated as a result of age discrimination under the ADEA. The plaintiff in that case left work after he was informed he was being terminated, but subsequently appealed the discharge through an internal administrative appeal with the Housing Authority. When his appeal was denied, the plaintiff filed an EEOC charge and then filed a civil action in district court. <u>Id.</u> at 25. Relying on <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 261 (1980), the Third Circuit determined that the time for filing ran from the date of the plaintiff's original termination and not from the conclusion of his administrative appeal. <u>Sharpe</u>, 693 F.2d at 27. In <u>Ricks</u>, the Supreme Court had found that a grievance proceeding in the Title VII context did not toll the running of the limitation period. Its rationale was that because there was no indication that a university's initial decision to deny tenure and terminate a junior professor was anything less than final, entertaining an appeal of the decision through a grievance proceeding did not suggest that the earlier decision was tentative. 449 U.S. at 261. The Third Circuit concluded that, although <u>Ricks</u> did not completely foreclose possible equitable tolling theories, a plaintiff would be required to make "allegations of induced reliance on promises, lack of clarity in communicating the termination, or other conduct on the part of [a defendant] which would permit even an inference that equitable tolling might be proper." <u>Id.</u>

The focus of the Third Circuit in <u>Sharpe</u> was whether the termination decision was finalized when the initial notice was given or at the end of the grievance action. The Court there determined that there was no indication that the termination was not final, despite the appeal. In

4

fact, Ricks stated that "[t]he grievance procedure, by its nature, is a remedy for a prior decision, not an opportunity to influence that decision before it is made." 449 U.S. at 261.  Thereafter, in Vilcheck v. Atlas Powder Co., No. 93-2990, 1993 WL 473272 (E.D. Pa. Nov. 15, 1993), my colleague Judge Buckwalter decided an almost identical case.  He concluded that under the principles set forth in both Sharpe and Ricks, the time within which to file a charge under both the ADEA and PHRA begins to run from the date of termination, rather than from the date a union grievance action concluded.  Id. at *3-4.  I cannot improve on that reasoning.

In light of these cases, Plaintiff's claim is time-barred because she did not file her charge with the EEOC and PHRC within the requisite period of time.  Plaintiff alleges she was wrongfully terminated effective November 4, 2011.  After filing a grievance through ACME's Collective Bargaining Agreement, an arbitrator issued a final determination upholding the termination on May 17, 2013.  However, as in Sharpe and Vilcheck, there is no indication that the termination decision was not final.  Even if the grievance process held the possibility of reinstatement, Defendant's initial decision to terminate Plaintiff was finalized on November 4, 2011, and her employment ceased on that date.  The EEOC and PHRC charges filed on July 28, 2013 are clearly outside both the 300-day period required for ADEA claims and the 180-day period required for PHRA claims.

Plaintiff cites no law to counter the above precedent, nor does she advance grounds for equitable tolling.   She asserts in conclusory terms that the ADEA period runs from the date the arbitrator issued the final determination on her grievance, but provides no legal authority for that position.  With regard to the PHRA claim, counsel cites to a policy document issued by the PHRC which states "that the 180-day statute of limitations for filing a complaint [with the PHRC] begins to run from the date on which the complainant receives clear, unequivocal,

5

unconditional, irrevocable and final notice of an allegedly discriminatory action by the respondent." PHRC Policy No. 98-01.  This policy is not law, but neither does it conflict with the rules embodied in the cases cited above.  Plaintiff in fact received "clear, unequivocal, unconditional, irrevocable, and final notice" of her allegedly unlawful termination on November 4, 2011, when she was let go.  The grievance proceeding filed through the Collective Bargaining Agreement was aimed at overturning a decision that ACME had indisputably already made.

**IV.     Conclusion**

Plaintiff did not adequately exhaust available administrative remedies because she did not file a timely charge with the PHRC and EEOC within the requisite time periods.  Defendant's Motion to Dismiss will be granted and the case will be dismissed with prejudice.  An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Court Judge